UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELLAMAE MYERS-DESCO, | Case No.: 2:10-cv-01746-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#9) |
| LOWE'S HIW, INC., a Washington corporation, d/b/a LOWE'S,, | |
| Defendant. | |

Before the Court is Defendant Lowe's HIW, Inc.'s **Motion to Dismiss** (#9, filed Nov. 9, 2010) for lack of subject matter jurisdiction and failure to state a claim. The Court has also considered Plaintiff Ellamae Myers-Desco's Opposition (#14, filed Nov. 26, 2010), and Defendant's Reply (#17, filed Dec. 20, 2010).

**BACKGROUND**

This dispute arises out of alleged discrimination at Lowe's against Myers-Desco. Myers-Desco alleges various acts of discrimination beginning as early as 2005 and extending through May 15, 2010. After she was fired, Myers-Desco filed a complaint with the Nevada Equal Rights Commission ("NERC") on March 29, 2010. (Dkt. 9 Ex. C, NERC Charge.) She then filed

1

suit on June 8, 2010, with the Eighth Judicial District Court of the State of Nevada ("State Court") alleging negligent infliction of emotion distress and negligent hiring, training, and supervision. (*Id.* Ex. B, Compl.)  Subsequently, and apparently before it had taken any real action, NERC closed its case because the allegations in Myers-Desco's lawsuit were the same as in her discrimination charge. (*Id.* Ex. D, NERC Letter.)  Because the Equal Employment Opportunity Commission relied on NERC to investigate this charge, it too closed Myers-Desco's case. (*Id.* Ex. E, EEOC Right-to-Sue Letter.)

After receiving these letters, Myers-Desco amended her complaint in State Court to include her discrimination claims based on the same facts as the original complaint. (*Id.* Ex. A, Am. Compl.)  Lowe's subsequently removed the case to this court and filed the present motion.  In between filing the motion and issuance of this order, the parties stipulated to dismiss certain of Myers-Desco's claims. (Dkt. #11, Order.)  For the reasons discussed below, the Court grants Lowe's motion.

## DISCUSSION

### I.   Failure to State a Claim

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

/

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**A.     Negligent Infliction of Emotional Distress**

Both parties fundamentally misunderstand NIED claims. To bring an NIED claim, a *bystander* must have been "located near the scene," "emotionally injured by the contemporaneous sensory observance" of the acts, and "closely related to the victim." *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999) (emphasis added). As this Court has repeatedly held, direct victims may not bring NIED claims as they are not bystanders. *See, e.g.*, *Kennedy v. Carriage Cemetery Serv., Inc.*, 727 F. Supp. 2d 925, 934–35 (D. Nev. 2010). Therefore, the Court dismisses Myers-Desco's NIED claim.

These parties, as well as many parties that come before the Court, confuse negligence claims with parasitic emotional distress damages with claims for NIED. The two causes of action, negligence with emotional distress damages and NIED, are simply not the same. Many attorney's have misinterpreted the Nevada Supreme Court's decision in *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995), wherein the court held that direct victims of negligence could obtain emotional distress damages. This decision did not do away with the bystander requirement

3

1  for NIED claims, it merely held that plaintiffs pleading negligence may obtain emotional distress
2  damages just as NIED claimants may.  *Id.*; *see also Carriage Cemetery*, 727 F. Supp, 2d at 934–35
3  (explaining the Nevada Supreme Court's holding in *Shoen*).  Confusion such as this demonstrates
4  why attorneys should avoid over reliance on Westlaw or Lexis head notes as they may not
5  accurately reflect a court's holding.

6  **B.     Negligent Hiring, Training, and Supervision**

7  Lowe's argues that Nevada law does not support a cause of action by an employee
8  (or ex-employee) for negligent hiring, training, and supervision.  Myers-Desco failed to contest
9  Lowe's argument for dismissing this claim in her response and therefore consented to the Court
10 dismissing the claim.  Further, Lowe's argument is correct.  As this Court has held before, such
11 claims are reserved to third parties harmed by an employee.  *See Jespersen v. Harrah's Operating*
12 *Co.*, 280 F. Supp. 2d 1189, 1195 (D. Nev. 2002); *see also Freeman v. ADT Sec. Services, Inc.*,
13 2010 WL 3385342, at *2 (D. Nev. Aug. 23, 2010).  Therefore, the Court dismisses this claim.

14 **II.    Subject Matter Jurisdiction**

15 Under Fed. R. Civ. P. 12(b)(1), a claim may be dismissed for lack of subject matter
16 jurisdiction.  When reviewing a Rule 12(b)(1) motion, the court views the allegations in the
17 plaintiff's complaint as true.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  Thus, the
18 plaintiff has the burden of proving jurisdiction to survive the motion.  *Tosco Corp. v. Cmtys for a*
19 *Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).  However, a district court may consider evidence
20 outside the pleadings when ruling on a Rule 12(b)(1) motion, *Farr v. United States*, 990 F.2d 451
21 (9th Cir. 1993), such as EEOC charges.

22 To establish federal subject matter jurisdiction over Title VII claims, plaintiffs must
23 first exhaust their administrative remedies before seeking federal adjudication of those claims.  42
24 U.S.C. § 2000e-5(b) (2006); *see also Vasquez v. Cnty of Los Angeles*, 349 F.3d 634, 644 (9th Cir.
25 1996).  "'[T]he jurisdictional scope of a Title VII claimant's court action depends upon the scope
26 of both the EEOC charge and the EEOC investigation.'"  *Paige v. State of California*, 102 F.3d

1035, 1041 (9th Cir. 1996) (quoting *EEOC v. Farmers Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). Nevada also imposes an exhaustion requirement for analogous state law discrimination claims. *See Palmer v. State*, 787 P.2d 803, 804–05 (Nev. 1990). "[A]bandonment or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).

### A.     Discrimination Claims

Myers-Desco failed to exhaust her administrative remedies on her discrimination claims. Myers-Desco filed suit in State Court alleging the tort claims dismissed above before either agency had investigated her claims. This suit was based on the same facts that she alleged in her complaint to the NERC and EEOC. Accordingly, both NERC and the EEOC closed their cases as neither agency will maintain a case once a plaintiff has filed suit in court. (Dkt. #9 Ex. D, NERC Letter; Ex. E, EEOC Right to Sue Letter.)  Therefore, the Court dismisses Myers-Desco's discrimination claims because Myers-Desco herself caused NERC and the EEOC to close her discrimination case before they conducted an investigation, and therefore Myers-Desco failed to exhaust her administrative remedies.

Myers-Desco contends that she should not be penalized for the EEOC's or NERC's failure to investigate her charge. The problem with this argument is that it places the blame for the EEOC's and NERC's failure to proceed with their investigation with those two agencies. Here, however, it was Myers-Desco who filed suit before the agencies had the opportunity to conduct their investigations and, therefore, she caused the agencies' failure to investigate. The cases Myers-Desco cites are dissimilar in that the plaintiffs in those cases did not cause the EEOC to drop the ball on their cases, rather the EEOC itself erred in some way harming those plaintiffs. Here, NERC and the EEOC ended their investigations solely because of Myers-Desco's decision to file suit prematurely. Therefore, Myers-Desco did not exhaust her administrative remedies and the Court cannot condone such conduct by allowing Myers-Desco to proceed here. If the Court were to allow Myers-Desco to proceed any other plaintiff could bypass NERC and the EEOC by

AO 72
(Rev. 8/82)

merely filing suit on the same facts for separate cause of action, forcing the agencies to close their cases and issue right-to-sue letters. The Court will not sponsor this end run around the administrative process. Accordingly, the Court dismisses Myers-Desco's discrimination claims as she failed to exhaust her administrative remedies.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#9) is GRANTED. The Clerk of the Court is directed to close this case.

Dated: April 12, 2011.

_____
ROGER L. HUNT
Chief United States District Judge